In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 20-3330

MARK ANDERSON,

*Petitioner-Appellant,*

*v.*

DEANNA BROOKHART,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-cv-8350 — **Edmond E. Chang**, *Judge.*

_____

ARGUED NOVEMBER 3, 2021 — DECIDED DECEMBER 2, 2021

_____

Before KANNE, BRENNAN, and KIRSCH, *Circuit Judges.*

KIRSCH, *Circuit Judge.* An Illinois jury found Mark Anderson guilty of murdering one man outside a Chicago sandwich shop and shooting at another who had fled. Anderson seeks habeas relief, arguing that the jury lacked sufficient evidence to convict him of shooting towards the man who had fled and that the Illinois Appellate Court unreasonably applied Supreme Court precedent in ruling otherwise. Because the Illinois Appellate Court reasonably applied *Jackson v. Virginia*,

443 U.S. 307 (1979), in upholding Anderson's conviction, we affirm the denial of habeas relief.

I

Around 2:00 a.m. on a summer night in 2008, Mark Anderson rode with two friends (Quentin Cooper and Centrell Jackson) to a sandwich shop in Chicago. Upon arriving, Cooper parked just a few car lengths behind another car—the only other vehicle present—which was directly in front of the sandwich shop. That car belonged to Ozier Hazziez, who had stopped for food on his way home from work.

The trio entered the shop together. Inside were Hazziez, one other customer (Darryl Hart), and several cooks, who were in the kitchen behind a glass wall. As Anderson, Cooper, and Jackson waited for food, Jackson sold two dime bags of crack cocaine to an unknown person right outside the shop. Noticing this, Hart confronted Anderson's group, stating it wasn't their turf and they shouldn't be selling drugs in the area. This angered Anderson, and an argument ensued between him and Hart. As the argument moved outside, Cooper tried to calm them down to no avail. Anderson shot Hart three times: once in the chest before Hart fell to the ground and twice more after the fall.

Hazziez was outside the sandwich shop by now, and, having witnessed the shooting, ran to his car, jumped in, and took off. As Hazziez drove away, he heard three more shots.

A jury found Anderson guilty of three crimes: (1) first-degree murder of Hart, (2) attempted first-degree murder of Hazziez, and (3) aggravated discharge of a firearm in the direction of a vehicle occupied by Hazziez. At sentencing, the

court merged the attempted-murder and aggravated-discharge convictions.

Anderson appealed, and the Illinois Appellate Court affirmed his first-degree murder conviction but, because of an erroneous jury instruction, reversed and remanded the attempted-murder conviction for retrial. But the State declined to retry Anderson on this charge, and the state trial court entered judgment on the aggravated discharge of a firearm count instead. Anderson appealed again, this time arguing that the trial evidence could not support the aggravated-discharge conviction. The Illinois Appellate Court rejected this argument and affirmed the conviction.

Anderson then filed this federal habeas petition, still challenging the sufficiency of the evidence for his aggravated-discharge conviction. The district court denied his petition but, finding the case to be a close call, issued a certificate of appealability. Anderson now appeals to this court.

II

As relevant here, a state prisoner cannot obtain federal habeas relief unless that prisoner's state criminal adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The question for a reviewing federal court, therefore, "is not whether [it] believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). So federal courts "simply review[] the specific reasons given by the state court and defer[] to those reasons if they are reasonable." *Wilson v.*

*Sellers*, 138 S. Ct. 1188, 1192 (2018); see *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam).

Another layer of deference is inherent in *Jackson v. Virginia*, the "clearly established Federal law" at issue here. *Jackson* held that evidence is constitutionally sufficient if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. This requires a reviewing court to presume that the trier of fact resolved any conflicting inferences in the prosecution's favor and to "defer to that resolution." *Id.* at 326; see *Coleman v. Johnson*, 566 U.S. 650, 655–56 (2012) (per curiam).

Given these two layers of deference, habeas petitioners pressing *Jackson*-based claims "face a high bar." *Coleman*, 566 U.S. at 651. First, a reviewing court can only set aside a jury conviction when "no rational trier of fact could have agreed with the jury." *Id.* (quoting *Cavazos*, 565 U.S. at 2). Second, on habeas review, a federal court cannot "overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees"; instead, the state court's decision must be "objectively unreasonable." *Id.*; see *Maier v. Smith*, 912 F.3d 1064, 1074 (7th Cir. 2019); *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003) (stating that "unreasonable means something like lying well outside the boundaries of permissible differences of opinions") (citation omitted and cleaned up).

In this case, Anderson challenges his conviction for "knowingly or intentionally … [d]ischarg[ing] a firearm … in the direction of a vehicle he … knows or reasonably should know to be occupied by a person." 720 ILL. COMP. STAT. 5/24-1.2(a)(2). He argues that, in upholding the conviction, the

Illinois Appellate Court unreasonably applied *Jackson v. Virginia* by making two unsupported inferences: (1) that he shot at Hazziez and not someone else and (2) that he shot at Hazziez while Hazziez was in a car and not somewhere else. We disagree. The Illinois Appellate Court reasonably applied *Jackson v. Virginia* by pointing to trial evidence supporting those inferences.

For the first inference, the Illinois Appellate Court relied on Cooper's grand jury testimony (which was read to the jury), Cooper's written statement, and Hazziez's testimony. Cooper testified to the grand jury that he was outside with Hart and another person who was standing about five feet away. Anderson came outside, talked to Hart, and shot him. Anderson "looked at the person standing out there with us, seen him, got to shooting at him." R. 14-2 at 257. This person "[j]umped into his car and rode off," *id.* at 258, which is exactly what Hazziez did. Cooper's written statement confirmed that Anderson, after shooting Hart, "started firing at another guy who was in the sub shop earlier but was standing outside." *Id*. at 236. Anderson argues that Cooper could have been referring to someone other than Hazziez, but the record reflects that only Anderson, Cooper, Hart, and Hazziez were outside the shop at the time of the shooting. And Hazziez testified that he was outside the shop at the time of the shooting and saw only Anderson, Hart, and Cooper.

Anderson points to Cooper's grand jury testimony that the targeted person had arrived at the shop *after* them, whereas it's undisputed that Hazziez was already at the sandwich shop when the trio arrived. But Cooper's account does not necessarily contradict Hazziez's testimony. Hazziez testified that, although he arrived before Anderson's group, he had

been waiting outside for his order to come up when they were there. And regardless, a rational jury could resolve any inconsistency between Hazziez's and Cooper's accounts in the prosecution's favor. See *Jackson*, 443 U.S. at 326 (in a review for sufficiency of evidence, a reviewing court must "presume … that the trier of fact resolved any" conflicting inferences "in favor of the prosecution, and must defer to that resolution"). When viewed in the prosecution's favor, the evidence supports the conclusion that Anderson shot at Hazziez, as the Illinois Appellate Court reasonably concluded.

For the second inference, Anderson contends that the Illinois Appellate Court unreasonably inferred that he shot at Hazziez while Hazziez was in his car. But again, the Illinois Appellate Court reasonably applied *Jackson v. Virginia* by pointing to trial testimony supporting that inference. Hazziez testified that he "ran towards [his] car and jumped in it and took off" after seeing Anderson shoot Hart. R. 14-2 at 46. And after he took off in his car, Hazziez "heard like three more gunshots." *Id.* at 20. Anderson argues that Cooper's testimony on the gunshots' timing contradicts Hazziez's testimony, but Cooper did not specify the timing of the shots. The Illinois Appellate Court's reliance on Hazziez's testimony is entirely reasonable.

Last, Anderson contends that the two decisions of the Illinois Appellate Court contradict one another and are thus unreasonable. We see no contradiction. In Anderson's first appeal, the Illinois Appellate Court did not address the sufficiency of the evidence on his aggravated-discharge conviction. In the second appeal, then, the Illinois Appellate Court was unconstrained by its first decision and could still reasonably conclude that the jury's factfinding on the aggravated-

discharge conviction was not "so insupportable as to fall below the threshold of bare rationality" required for reversal of the jury's verdict. *Coleman*, 566 U.S. at 656.

Because the Illinois Appellate Court reasonably applied clearly established federal law, we affirm the denial of Anderson's habeas petition.

AFFIRMED